.NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES LEE WILLIAMS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-1689

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00679-MCW, Judge Mary Ellen Coster Williams.

---

Decided: July 11, 2018

---

JAMES LEE WILLIAMS, Yuma, AZ, pro se.

JOSHUA E. KURLAND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ROBERT EDWARD KIRSCHMAN, JR., PATRICIA M. MCCARTHY, CHAD A. READLER.

---

Before NEWMAN, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

James Lee Williams presently leases a parcel of agricultural land in an area located along the border of Arizona and California known as the Yuma Island. Purportedly in relation to that leasehold, Mr. Williams sued the United States in the U.S. Court of Federal Claims, alleging that U.S. agencies administered racially discriminatory policies and committed fraud that denied his ancestors the right to acquire land and water rights on the Yuma Island and therefore an opportunity to build wealth. That in turn, Mr. Williams argued below, violated the Fifth Amendment Takings Clause and the Due Process Clause.

The trial court dismissed the action for lack of subject matter jurisdiction, finding his claims either time-barred, sounding in tort, or unconnected to any identified money-mandating source of law within the court's jurisdiction. On appeal, Mr. Williams concedes in his informal opening brief that there exists no reversible error in the trial court's judgment. *See* Appellant's Informal Opening Br. 1–2. He merely alleges anew that he seeks damages for decades of discrimination by U.S. agencies that deprived him of life, liberty, and the right to acquire property as a U.S. citizen, Appellant's Informal Opening Br. 2, and that the United States failed to provide equal protection on account of race, Appellant's Informal Reply Br. 7. But the law is well settled that neither the Due Process Clause of the Fifth or Fourteenth Amendment nor the Equal Protection Clause of the Fourteenth Amendment vests the Court of Federal Claims with jurisdiction under the Tucker Act because those provisions do not mandate the payment of money by the United States. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *accord Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013).

In his notice of appeal, Mr. Williams additionally asserts that he "appeal[s] to provide the statute [42 U.S.C. § 2000d-7] that was omitted in the initial claim that is money mandating." Notice of Appeal 5 ¶ 1, Docket No. 1 (Mar. 15, 2018). To the extent that assertion can be construed as an argument challenging the trial court's decision, the argument fails.[1] Section 2000d–7 "expressly waives *state* sovereign immunity for violations of . . . 'title VI of the Civil Rights Act of 1964,'" *Sossamon v. Texas*, 563 U.S. 277, 291 (2011) (emphasis added) (quoting § 2000d–7(a)(1)), and "[i]n a suit against a *State*," § 2000d–7(a)(2) (emphasis added), "makes 'remedies (including remedies both at law and in equity) . . . available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State,'" *Sossamon*, 563 U.S. at 291 (alteration in original) (quoting § 2000d–7(a)(2)). *See also Alexander v. Sandoval*, 532 U.S. 275, 280 (2001) (stating that § 2000d–7 "expressly abrogated States' sovereign immunity against suits brought in federal court to enforce Title VI" against them). The statute sets forth no private right of action for money damages against the *United States*, which could be enforced in the Court of Federal Claims.

To the extent Mr. Williams raises additional arguments or allegations in support of jurisdiction in his informal reply brief, we are not persuaded that he cures the jurisdictional defect. Because Mr. Williams agrees that the court did not err and we do not discern any error in the court's jurisdictional analysis, we affirm the court's dismissal of the action.

---

[1] The argument is also waived because it was not raised below. *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1383 (Fed. Cir. 2017), *cert. denied sub nom. Petro-Hunt, LLC v. United States*, 138 S. Ct. 1989 (2018).

**AFFIRMED**

No costs.